FILED
JAN - 8 2013
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Maurice Grayton, )
)
    Plaintiff, )
)
v. ) Civil Action No. 13 0022
)
United States of America *et al.*, )
)
    Defendants. )

MEMORANDUM OPINION

This action is before the Court on its initial review of plaintiff's *pro se* complaint and application to proceed *in forma pauperis*. The Court will grant the application and dismiss the complaint for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) (requiring dismissal of an action "at any time" the Court determines that it lacks subject matter jurisdiction).

Plaintiff, a resident of Chula Vista, California, challenges the U.S. Supreme Court's denial of his motion for leave to proceed *in forma pauperis*. *See In re Grayton*, 132 S.Ct. 88 (Mem) (Oct. 3, 2011). He sues the United States and four employees of the Supreme Court's Office of the Clerk, Compl. at 6-7, seeking to compel "the highest court [to] reopen [his] case, and/or accept [his] filing fee and/or set this matter before a jury trial . . . . *Id.* at 24. This Court lacks jurisdiction to review the decisions of the Supreme Court or its Clerk. *In re Marin*, 956 F.2d 339, 340 (D.C. Cir. 1992); *see Panko v. Rodak*, 606 F.2d 168, 171 n.6 (7th Cir. 1979), *cert. denied*, 444 U.S. 1081 (1980) ("It seems axiomatic that a lower court may not order the judges or officers of a higher court to take an action."). Furthermore, "[a]bsent a waiver, sovereign

1



immunity shields the Federal Government . . . from suit." *FDIC v. Meyer*, 510 U.S. 471, 475 (1994) (citations omitted). The United States has consented to be sued under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346, 2671-80, which plaintiff has invoked, but only for monetary damages and "under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." *Id.*, § 1346(b)(1). Such consent does not encompass the alleged conduct forming the basis of this action. *See* Compl. at 11-13; *FDIC v. Meyer*, 510 U.S. at 478 ("[T]he United States simply has not rendered itself liable under § 1346(b) for constitutional tort claims."). Hence, this case will be dismissed with prejudice. A separate Order accompanies this Memorandum Opinion.

Date: January 3, 2013

United States District Judge